# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 14-53294 |
| | : | |
| **Eden Cryogenics, LLC,** | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge C. Kathryn Preston |
| | : | |

### DEBTOR'S MOTION FOR AUTHORITY TO SELL SUBSTANTIALLY ALL OF ITS ASSETS OTHER THAN IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. § 363(b)

Eden Cryogenics, LLC, the chapter 11 debtor and debtor-in-possession (the "Debtor" and/or "Eden"), moves the Court, pursuant to sections 105 and 363(b) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 6004-1 for an order authorizing the sale of substantially all of the Debtor's assets other than in the ordinary course of business to Levlor LLC, a Colorado limited liability company, free and clear of all liens and encumbrances, as more fully described in the attached Memorandum in Support.

The bases for the relief requested and the terms and conditions of the proposed sale are set forth in the following Memorandum in Support.

Date: February 13, 2015            Respectfully submitted,

*/s/ Adam J. Biehl*
Nick V. Cavalieri (0013097)
Matthew T. Schaeffer (0066750)
Adam J. Biehl (0064836)
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
(614) 221-3155 / Fax (614) 221-0479
E-Mail: nick.cavalieri@baileycavalieri.com
E-Mail: matthew.schaeffer@baileycavalieri.com
E-Mail: adam.biehl@baileycavalieri.com

*Attorneys for the Debtor and Debtor-in-Possession, Eden Cryogenics, LLC*

## MEMORANDUM IN SUPPORT

### I. BACKGROUND

The Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") on May 7, 2014 (the "Petition Date"). The Debtor is continuing in possession of its properties and is managing its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Debtor is a Delaware limited liability corporation located in Plain City, Ohio. It supports the alternative fuel, energy, aerospace, and commercial cryogenic and vacuum markets. The Debtor manufactures high quality cryogenic and vacuum systems, and each system requirement is staffed with a team of engineers, designers, and technicians as required. Kendall Holdings, Ltd. dba PHPK Technologies ("Kendall Holdings") is a competitor of the Debtor. In 2008, Kendall Holdings sued the Debtor, Mr. Hensley, and Jim Mitchell for an amount in excess of $10,000,000 for, *inter alia*, misappropriation of trade secrets. Mr. Hensley and Mr. Mitchell

#815491v5
13527.11787

2

had previously worked for Kendall Holdings. Although the Debtor and the other defendants initially prevailed on summary judgment, the District Court decision was overturned on appeal and the matter was heard at a jury trial. On March 27, 2014, Judge Sargus entered final judgment in favor of Kendall Holdings. The judgment against the Debtor amounted to $2,038,496.57. Prepetition, the Debtor has filed a motion for retrial, and the Court has granted relief from stay for purposes of finalizing the briefing on that motion.

As of the Petition Date, the Debtor was engaged in litigation with The Burlington Insurance Co. ("Burlington") for defense and indemnification of claims brought against the Debtor by Kendall. The litigation with Burlington is related to a one million dollar policy limit for insurance plus more than two millions dollars for defense costs incurred. The Debtor has received relief from stay so that the Burlington case may also be resolved.

Since the Petition Date, the Debtor has engaged in efforts to reorganize or to sell its operations. Starting immediately upon the filing of a bankruptcy petition, there were discussions with three major players in the cryogenic industry regarding possible transactions. Based upon the nature of the Debtor's equipment and assets, it was estimated that a possible transaction would require an up-front payment of between $150,000 and $200,000 with a $300,000 basic line of credit for ongoing operation.

After these discussions, the Debtor discovered that the deal appeared too small for the major players. The Debtor also engaged in discussions with two smaller players in the industry, but the deal appeared to be too large for them. Four separate private investors engaged in discussions with the Debtor as well, but, in these cases, the vagueness of the District Court injunction created uncertainty with these individuals about future legal costs. The Debtor held preliminary discussions with two substantial suitors, but the Debtor's business did not fit their

respective business models. The Debtor also followed through with considerable due diligence with another small firm, but the potential buyer could not arrange financing to close the deal. The Debtor also contacted two business brokers/merchant bankers, both of which felt the deal was two small and felt a package could not be created that would interest investors.

The Debtor filed a Plan of Liquidation and a Disclosure Statement on January 30, 2015. The hearing on the Disclosure Statement is scheduled for March 16, 2015.

## II.   DESCRIPTION OF THE PROPOSED SALE

In accordance with the filing of its Plan of Liquidation, the Debtor has continued to attempt to sell its assets. By this Motion, the Debtor requests the Court's approval to sell substantially all of its assets to Levlor LLC, a Colorado limited liability company (the "Purchaser") pursuant to the terms and conditions of the Letter of Intent attached as **Exhibit A** (the "LOI"). The following are the material terms of the proposed sale:

**Assets to be Purchased:**

Purchaser will purchase substantially all assets of both the Debtor and Eden Manufacturing, LLC (collectively, the "Sellers"), including, without limitation, any of the assets listed on Exhibit A attached to the LOI, all accounts receivable, inventory, work in process, intellectual property, and the business names of Eden Manufacturing and Eden Cryogenics, **except for**, the Excluded Assets identified below (collectively, the "Purchased Assets").

**Purchase Price:**

The Purchaser will pay $200,000 (the "Purchase Price") for the Purchased Assets, allocated as follows:

1. $175,000 for the assets of the Debtor; and

2. $25,000 for the assets of Eden Manufacturing, which will be paid to the Debtor to reduce the outstanding payable owed by Eden Manufacturing to Eden Cryogenics. In the event of a sale to a third party, Eden Manufacturing is not bound to include its assets in such sale.

The entire Purchase Price ($200,000) will be paid to the Debtor at closing. The Debtor will hold the funds received from the sale pending further order from this Court.

**Excluded Assets:**

The following assets will be excluded from the sale:

1. the Retained Actions as defined in the Plan of Liquidation filed by the Debtor on January 30, 2015;

2. all inventory subject to an injunction in favor of Kendall Holdings, Ltd.;

3. any and all utility deposits;

4. any refund that may be returned to Sellers upon cancellation of their current insurance policies (upon closing); and

5. any tax attributes of the Sellers.

**Employees:**

A condition to closing is that the Purchaser is able to negotiate acceptable Employment Agreements with certain Key Employees, including but not limited to Steve Hensley. Pursuant to the LOI, the Purchaser will advise the Debtor of those employees deemed to be Key Employees prior to filing of this Motion. Purchaser has advised the Debtor that there are no other Key Employees subject to this condition.

Purchaser has the ability but not the obligation to offer employment to the current employees of both Sellers. It is contemplated that employment will be offered to most of the existing employees.

**Executory Contracts:**

Purchaser has not identified any executory contracts of the Debtor to be assumed and assigned in connection with the sale. If Purchaser identifies any such executory contracts, Debtor will file a separate motion requesting the Court's approval to assume and assign such contracts.

**Closing:**

Closing will occur as soon as practicable after entry of the Bankruptcy Court's approval of the transaction but no later than April 30, 2015 unless Purchaser agrees in writing to extend the deadline.

**Contract Work by Purchaser:**

If, prior to the Sale Hearing, the Debtor is unable to make payroll or otherwise continue to fund its operations, the Debtor will not be able to continue to perform work on existing work in process. If the Debtor ceases performing the existing work in process, this valuable asset could be lost. Therefore, if, prior to the Sale Hearing, the Debtor is unable to make payroll or otherwise continue to fund its operations, the Purchaser may perform contract work for the Debtor to continue work on existing work in process until the Closing (the "Contract Work"). Such contract work will be provided on an hourly basis and shall not exceed $25,000 prior to Closing.

In the event that the Bankruptcy Court approves a sale by the Debtor of a material portion of the Debtor's assets to a third party other than Purchaser, and/or Eden Manufacturing enters into an agreement to sell a material portion of its assets to a third party, Purchaser shall be allowed an administrative expenses claim in this case for the Contract Work, in an amount to be

determined at the Sale Hearing, which shall be paid immediately upon Sellers' receipt of the purchase price from the third party purchaser.

**Break-Up Fee:**

In the event the Bankruptcy Court approves a sale by the Debtor of a material portion of the Debtor's assets to a third party other than Purchaser, and/or Eden Manufacturing enters into an agreement to sell a material portion of its assets to a third party, Sellers shall pay Purchaser a break-up fee equal to Six Thousand Dollars ($6,000). Such break-up fee shall be deemed to be an allowed administrative claim in this case and shall be paid immediately upon Sellers' receipt of the purchase price from the third party purchaser.

**THE FOREGOING IS ONLY A GENERAL SUMMARY OF CERTAIN TERMS OF THE PROPOSED SALE. THIS SUMMARY OF THE PROPOSED SALE IS PROVIDED FOR THE CONVENIENCE OF THE COURT AND THE PARTIES IN INTEREST AND IS QUALIFIED IN ITS ENTIRETY BY REFERENCE TO THE ATTACHED LOI.**

### III. SALE PROCEDURES

The Debtor requests that the Court approve a private sale to the Purchaser pursuant to the LOI, subject to higher and better offers as follows:

**Sale Hearing and Notice:**

Concurrent with this Motion, Debtor is filing a motion for an expedited hearing and shortened notice and objection period (the "Expedited Hearing Motion"). As set forth more fully in the Expedited Hearing Motion, Debtor requests that the Court schedule a hearing to approve the sale (the "Sale Hearing") within two weeks and to set the objection deadline at 4:00 p.m. two business days prior to the date of the hearing (the "Objection Deadline").

#815491v5
13527.11787

**Qualified Higher Offers:**

If any party is interested in making a higher and better offer for the Debtor's Purchased Assets (a "Bidder"), the party must file and serve on Debtor's counsel an objection together with a Qualified Offer by the Objection Deadline.  A third party Bidder will not be permitted to bid on the assets of Eden Manufacturing; a Qualified Offer only may be made for the Debtor's Purchased Assets.  In order to be a "Qualified Offer", the offer must:  (a) be an irrevocable cash offer; (b) to purchase all of the Debtor's Purchased Assets only; (c) that is at least $25,000 higher than the amount of the Purchase Price allocable to the Debtor's Purchased Assets (i.e. $200,000); (d) contingent only upon this Court's approval; (e) provide for closing to occur within two (2) business days after entry of the Court's order approving the sale; and (f) be accompanied by evidence of the Bidder's financial ability to close the sale.

**Right to Increase Offers:**

The Debtor will notify the Purchaser and all Bidders of all Qualified Offers that it receives.  From the Objection Deadline until the Sale Hearing, the Debtor will continue to solicit higher offers from the Purchaser and each Bidder.  The Purchaser and each Bidder will have the right to increase their offers for the Debtor's Purchased Assets in $20,000 increments until the Sale Hearing.  At the Sale Hearing, the Debtor will notify the Court of the highest offer (the "Successful Offer") it received and will ask the Court to approve the sale of the Debtor's Purchased Assets to the Purchaser or the Bidder who made the highest and best offer (the "Successful Bidder").

In the event that the Successful Bidder is not the Purchaser, the Debtor's Purchased Assets will be sold to the Successful Bidder for the amount of the Successful Offer.  Eden Manufacturing will have the option of selling its assets to the Successful Bidder or to the

Purchaser and the net proceeds of such sale will still be paid to the Debtor to reduce the outstanding payable owed by Eden Manufacturing to Eden Cryogenics.

## IV. ARGUMENT

The Debtor seeks the Court's approval to sell the Purchased Assets, other than in the ordinary course of business, "as is" and without any warranties, free and clear of any liens and encumbrances, to the Purchaser for a total purchase price of $200,000.00. Section 363(b) of the Bankruptcy Code provides that the Debtor in Possession after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. § 363(b). In order to approve a sale pursuant to Section 363(b), the Court must find an articulated business justification. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986). Further, the requirements of Section 363(f) are satisfied in this case because the amount of the proposed sale proceeds will exceed the outstanding amount of any of the Debtor's obligations that are secured by liens on the Debtor's Purchased Assets.

The proposed sale to a strategic buyer will provide the opportunity for the existing employees to gain employment with the Purchaser and should allow for the transition of work-in-process on the existing contracts for building of equipment. Absent such a transaction, there will be a post-petition breach of those contracts, which will result in administrative expense claims.

The Debtor has been working diligently on this process to preserve jobs and to avoid breaching the existing contracts. The Debtor's Plan of Liquidation contemplates a sale of all or substantially all of the Debtor's assets via § 363 sale before the Effective Date of the Plan.

Unfortunately, this specific deal proposed in this Motion did not come together until several days after the date that the Debtor filed its Plan of Liquidation and Disclosure Statement.

The Debtor has determined that, in the exercise of its business judgment, it is in the best interest of the estate and its creditors to attempt to sell the Purchased Assets according to this Motion. The sale of the Purchased Assets will realize immediate value for depreciating assets. The Debtor does not believe that it will have sufficient cash flow to continue operations for much longer. Debtor's management has determined and advised counsel that the Debtor likely will not be able to make its payroll in two weeks. The Debtor believes that the value of the Purchased Assets will diminish significantly if the Debtor is unable to continue operations. For these reasons, the Debtor also requests that the Court waive the stay provisions set forth in Bankruptcy Rule 6004(g).

WHEREFORE, the Debtor respectfully requests that the Court:

A. enter an order approving this Motion substantially in the form of **Exhibit B** attached hereto and made a part hereof;

B. enter a finding that the sale of the Purchased Assets in accordance with this Motion is reasonable and justified under the circumstances for the reasons stated in this Motion;

C. enter a finding that the relief requested by this Motion and consummation of the sale of the Purchased Assets represents the sound business judgment of the Debtor for the benefit of the estate;

D. enter a finding that the Successful Bidder has acted in good faith relative to the purchase of the Purchased Assets and is entitled to the protections afforded by Section 363(m) of the Bankruptcy Code;

E. authorize the sale of the Debtor's Purchased Assets, other than in the ordinary course of business, "as is" and without any warranties, free and clear of any liens and encumbrances, to the Successful Bidder for a total price of the Successful Offer;

F. order any and all liens, claims, encumbrances or interests on any of the Debtor's Purchased Assets, whether arising pre- or post-petition, shall attach to the proceeds of the sale;

G. authorize the Debtor to consummate the sale of the Purchased Assets in accordance with this Motion and to undertake all actions and execute all documents the Debtor may deem necessary for such consummation;

H. order that the proceeds of the sale of the Purchased Assets be held by the Debtor pending further order of the Court;

I. waive the stay provisions set forth in Bankruptcy Rule 6004(g);

J. if the Purchaser is not the Successful Bidder, authorize the Debtor to pay to the Purchaser the breakup fee in the amount of Six Thousand Dollars ($6,000) plus the administrative expense claim arising from any contract work performed by Purchaser out of the proceeds of the sale; and

K. grant the Debtor such other relief to which they may be entitled at law or in equity as the Court shall deem equitable and proper.

Date: February 13, 2015                     Respectfully submitted,

*/s/ Adam J. Biehl*
Nick V. Cavalieri      (0013097)
Matthew T. Schaeffer (0066750)
Adam J. Biehl (0064836)
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
(614) 221-3155 / Fax (614) 221-0479
E-Mail: nick.cavalieri@baileycavalieri.com
E-Mail: matthew.schaeffer@baileycavalieri.com
E-Mail: adam.biehl@baileycavalieri.com

*Attorneys for the Debtor and Debtor-in-Possession, Eden Cryogenics, LLC*

#815491v5
13527.11787

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Debtor's Motion for Authority to Sell Substantially All of its Assets Other Than in the Ordinary Course of Business Pursuant to 11 U.S.C. § 363(b)* was served this 13th day of February, 2015 upon the following parties via the method indicated:

**Service was made upon the following parties via the Court's ECF Notice:**

- Thomas R Allen - allen@aksnlaw.com, doan@aksnlaw.com
- Asst US Trustee (Col) - ustpregion09.cb.ecf@usdoj.gov
- Brenda K Bowers - bkbowers@vorys.com
- Lawrence Hackett - larry.hackett@usdoj.gov
- Reginald W Jackson - rwjackson@vorys.com, bjtobin@vorys.com
- Erin Pfefferle - pfefferle@aksnlaw.com, charfas@aksnlaw.com
- Christy Prince - cprince@keglerbrown.com, eoneil@keglerbrown.com
- Susan L Rhiel - pleadings@susanattorneys.com
- Matthew T Schaeffer - matthew.schaeffer@baileycavalieri.com, br-ecf@baileycavalieri.com
- Richard K Stovall - stovall@aksnlaw.com, ashton@aksnlaw.com, pfefferle@aksnlaw.com, charfas@aksnlaw.com

All other parties will be served in accordance with the procedures set forth in the Motion for Expedited Disposition filed concurrently with this Motion.

        */s/  Adam J. Biehl*
        Of Counsel

#815491v5
13527.11787